# NO. 12-21-00117-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *GREGORY TENNYSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Gregory Tennyson, acting pro se, filed this original proceeding to complain of Smith County District Clerk Penny Clarkston and the Honorable Jack Skeen Jr., Judge of the 241st District Court in Smith County, Texas.[1] The State of Texas is the Real Party in Interest.

On July 26, 2021, the Clerk of this Court notified Relator that his petition failed to comply with Texas Rules of Appellate Procedure 52.3(a)-(d), (j), (k)(1)(A), (C), and 52.7. *See* TEX. R. APP. P. 52.3 (form and contents of petition), 52.7 (record).[2] The notice informed Relator that his petition would be referred to the Court for dismissal unless an amended petition correcting the defects was filed on or before August 5. On August 10, Relator filed a motion for extension of time to comply with these requirements, but the motion failed to comply with Rule 9.5. *See* TEX. R. APP. P. 9.5 (service). Thus, Relator was notified to provide a certificate of service on or before August 20 or the motion may be overruled. That time expired without a response from Relator. Moreover, Relator has not filed an amended petition correcting the errors identified in the July notice.

---

[1] In 2016, Relator was convicted of aggravated assault on a public servant. This Court affirmed the conviction. *See Tennyson v. State*, No. 12-16-00225-CR, 2018 WL 1180750 (Tex. App.—Tyler Mar. 7, 2018, pet. ref'd) (mem. op., not designated for publication).

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. This entails filing a petition that includes the identity of parties and counsel, a table of contents, an index of authorities, a statement of the case, and a certification. TEX. R. APP. P. 52.3(a)-(d), (j). Relator's petition does not comply with these requirements. A relator must also file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). It is a relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). Absent a record, this Court cannot conduct a meaningful review of Relator's request for relief. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Accordingly, because Relator's petition fails to comply with the appellate rules, he presents nothing for this Court to review.[3] We, therefore, ***deny*** his petition for writ of mandamus. All pending motions are ***overruled as moot***.

Opinion delivered September 1, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] Regarding Respondent Clarkston, we note that a district clerk is not a judge over which this Court has mandamus jurisdiction; nor is there any indication that issuance of a writ of mandamus against Clarkston is necessary to protect this Court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2020) (writ power); *see also In re Eaton*, No. 12–15–00118–CR, 2016 WL 6876502, at *1 (Tex. App.–Tyler, Nov. 22, 2016, orig. proceeding) (mem. op., not designated for publication) (appellate court lacked jurisdiction to consider merits of mandamus petition as to district clerk); *In re Vargas*, No. 01-12-00351-CV, 2012 WL 1454550, at *1 (Tex. App.— Houston [1st Dist.] Apr. 26, 2012, orig. proceeding) (mem. op) (per curiam) (dismissing mandamus proceeding against district clerk for want of jurisdiction because addressing complaint that clerk refused to file petition was not necessary to enforce appellate court jurisdiction).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 1, 2021**

**NO. 12-21-00117-CR**

**GREGORY TENNYSON,**
Relator
V.

**HON. JACK SKEEN, JR.,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Gregory Tennyson, who is the relator in appellate cause number 12-21-00117-CR and the defendant in trial court cause number 241-0030-16, formerly pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 26, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*